IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LEONARD JAMES AUSTIN, PRO SE, <br> TDCJ-CID #873669, <br> Previous TDCJ-CID #582053, <br><br> Plaintiff, <br><br> v. <br><br> D. COLE, Warden, S. DAMRON, Captain, <br> NFN SUTTON, Director of Medical, <br> RONALD LACY, Dr., and <br> LEONARD COWDEN, Physician Asst., <br><br> Defendants. | § § § § § § § § § § § § § § | 2:05-CV-0019 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff LEONARD JAMES AUSTIN, acting pro se and while incarcerated as a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been allowed to proceed in forma pauperis.

Plaintiff claims that, on or about July 20, 2004, he received a haircut and clipper shave from an inmate barber and noticed the barber did not sanitize the blades in accordance with rules governing barber shops and barber schools. Plaintiff states that, "[d]ue to the barber's negligence and failure to adequately clean and sanitize the clipper blades," he contracted a skin infection which has spread across the back of his neck, causing a rash with sores and bumps. Plaintiff specifies various prison regulations he feels are being violated and requests an award of $60,000.00 compensatory damages and an award of punitive damages in an unspecified amount.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

**THE LAW AND ANALYSIS**

By his June 2, 2005 response to the Court's Questionnaire, plaintiff states he is suing defendant DAMRON for failing to ensure that the barbers were properly trained to clean and maintain their equipment. Plaintiff has utterly failed to present any factual allegation identifying any deficiency in any training provided by defendant DAMRON. Instead, plaintiff has alleged single incident which he, himself, characterizes as negligence by the inmate barber. Plaintiff has failed to state a claim against defendant DAMRON on which relief can be granted.

In his complaint, plaintiff claims defendant SUTTON, the Unit Health Administrator,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

failed to provide plaintiff with the proper medical treatment through his medical staff and failed to refer plaintiff to a proper skin specialist.  Further, by his June 2, 2005 response, plaintiff states defendant SUTTON failed to properly investigate and answer I-60's plaintiff sent complaining of the medical care of his skin infection.

By his complaint, plaintiff claims defendant LACY failed to provide him adequate, effective medical treatment.  By his June 2, 2005 response, plaintiff states defendant LACY failed to act in his official capacity as the primary health care provider.

Plaintiff's claims against SUTTON and LACY appear to be Eighth Amendment claims of deliberate indifference to a serious medical need.  Plaintiff states he received some medical care for his skin infection.  Plaintiff alleges he saw Nurse Woolery on November 19, 2004, and was referred to Dr. Lacy who gave him a physical exam.  Plaintiff says he was next seen by Nurse Cowden on December 21, 2004 and placed on a thirty-day regimen of Tetracycline and triple antibiotic ointment.  He next saw P.A. Cowden on January 20, 2005 and was given a thirty-day regimen of  Vibramycin.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction  of pain' . . . proscribed by the Eighth Amendment."  Such indifference may  be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).  However, not

3

every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Even assuming, *arguendo*, that plaintiff's skin infection is a serious medical need, the facts alleged by plaintiff plainly demonstrate he has received medical care for it and disagrees with that care. At best, plaintiff's allegations against defendants SUTTON and LACY state a tort claim for negligence, if that; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)("negligent medical care does not constitute a valid section 1983 claim"); *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

4

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

The Civil Rights Claims by plaintiff LEONARD JAMES AUSTIN against defendants DAMRON, SUTTON, and LACY are DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 19th day of December, 2006.

    /s/ MARY LOU ROBINSON
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE